### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### -SOUTHERN DIVISION

WILLIAM J. FOLEY,

                Plaintiff,                Case  No.

v.                                  Hon.

CITY OF WALLED LAKE, CAPTAIN J. ELLSWORTH,
WALLED LAKE DETECTIVE SCHNEIDER, POLICE
OFFICER ANTHONY NOBLE, POLICE OFFICER SCOTT BOSLEY,
POLICE OFFICER KENNETH AYERS, OAKLAND COUNTY
DEPUTYJOHN JACOB, JOHN DOE OFFICERS (1-10),
THE VILLAGE OF WOLVERINE LAKE,
KMG PRESTIGE INC. d/b/a WALLED LAKE VILLA APARTMENTS,
JUDITH A.LESTER, TAMI BASTIEN, MARCIA STEVENS, CHARTER
TOWNSHIP OF HIGHLAND, DEPUTY LARRY CATANZARO, SERGEANT BUFFA,
DEPUTY R. CHATTERSON, OAKLAND COUNTY DETECTIVE K. HILLER, UNKOWN
DEPUTIES (1-10), LAURA MAISEVICH, TRINITY HEALTH CARE CORPORATION,

                Defendants, jointly and severally,

_____/

DONALD D. SULLIVAN (P57627)
Attorneys for Plaintiff
56875 Grand River Ave., Suite C
P.O. Box 308
New Hudson, MI  48165
(248) 491-6777
Dsulli15@hotmail.com

HUGH M. DAVIS (P12555)
Co-counsel for Plaintiffs
Constitutional Litigation Associates, P.C.
450 West Fort Street, Suite 200
Detroit, MI  48226
(313) 961-2255
conlitpc@sbcglobal.net

_____/

### COMPLAINT AND JURY DEMAND

      Plaintiff, WILLIAM J. FOLEY, by undersigned counsel LAW OFFICES OF DONALD

D. SULLIVAN, and HUGH M. DAVIS of Constitutional Litigation Associates, P.C. complaints

pursuant to 42 U.S.C. §1983 for Violation of Civil Rights, Conspiracy to Violate Civil Rights

and Deprivation of Due Process of Law under the First,   Fourth, Sixth and Fourteenth

Amendments to the Constitution consisting of deprivation of property, wrongful arrest and detention, excessive use of force, abuse of process, malicious prosecution, intentional infliction of severe emotional distress, and retaliatory eviction, as follows:

## **INTRODUCTION**

Plaintiff, William J. Foley (FOLEY), is an 81-year old former Oakland County Commissioner who has committed no crime and has no criminal record.  However, he has been arrested on now at least five (5) occasions in the last twelve (12) months.  Most recently, he was arrested on the charge of criminal trespassing at his own residence.  On February 7, 2011, his landlord (KMG Prestige, Inc.) decided it was too difficult to proceed through MCR 4.200 "Landlord-Tenant Proceedings", and conspired with Captain J. Ellsworth (ELLSWORTH) and the Walled Lake Police Department to deprive him of his property rights, and take away his liberty, without due process of law and in violation of clearly established laws.

Just six (6) months ago, another H.U.D.-funded senior living facility "Highland Haven" conspired with the Oakland County Sheriff's Department to summarily deprive FOLEY of his property and liberty rights without due process and in violation of clearly established law by arresting and trying him on charges of "breach of the public peace" for nothing more than speech and again at his own residence.  Those charges were dismissed on directed verdict and the prosecution's own discovery demonstrated that it was on notice that a person could not be charged with breach of peace in their own private residence.

## **GENERAL ALLEGATIONS**

1.  This action arises under 42 USC 1983.  Jurisdiction is conferred by 28 USC 1331 and 1343(3)(4).  This action is also brought for pendent state law claims under MCL

§691.1401 for which governmental immunity has been waived or does not apply and those claims arising under common law.  Pendent jurisdiction is conferred by 28 USC 1367.

2. Plaintiff William J. Foley (FOLEY) is a citizen of the United States and a resident at 1035 Walled Lake Villa Drive, Unit 109, in the City of Walled Lake, County of Oakland, Michigan at the time of filing this Complaint.

3. Defendant Captain J. Ellsworth (ELLSWORTH), Detective Paul Schneider (SCHNEIDER), Officer Scott Bosley (BOSLEY), Officer Kenneth Ayres (AYERS) and Officer Anthony Noble (NOBLE) are resident of Walled Lake, County of Oakland, Michigan and at all times material were employed by the Walled Lake Police Department, the City of Walled Lake and/or the Village of Wolverine Lake acting in their capacity as police officers under color of state law.  ELLSWORTH is being sued individually and in his official capacity.

4. Defendant Judith Lester (LESTER) is a resident of Lansing, Ingham County, Michigan and at all times material was employed by KMG Properties (KMG)  acting in the course and scope of her employment.

5. Defendant Tami Bastien (BASTIEN) and Marcia Stevens (STEVENS) are residents of Walled Lake, County of Oakland, Michigan and at all times material were employed by KMG acting in the course and scope of their employment.

6. Defendant KMG Properties, Inc. (KMG) is a domestic for profit corporation doing business as "Walled Lake Villa Apartments" (WALLED LAKE VILLA) in the County of Oakland, Michigan and having as its registered agent Paul Spencer at 102 S. Main Street in the City of Mt. Pleasant, Michigan 48858.

7.  Defendant Kelly Green (GREEN) is upon information and belief an employee of both KMG and the Department of Housing and Urban Development (HUD) in a joint enterprise and acting on their joint behalf at all times material to provide services to persons receiving housing aid such as this Plaintiff and others.

8.  Defendant City of Walled Lake (WALLED LAKE) is a municipal corporation established under the Constitution of the State of Michigan of 1963, located in Oakland County, responsible for establishing constitutionally lawful policies, customs and practices. WALLED LAKE and its *Acting* Chief of Police ELLSWORTH are responsible of training, retention and supervision of its police officers as well as for its own policies, practice and customs which led to this complaint of violations.

9.  Defendant, Highland Township (HIGHLAND) is a Michigan General Law Township organized under Article VII, Section 14 of the Constitution of the State of Michigan, located in Oakland County.

10. Defendant Village of Wolverine Lake (WOLVERINE LAKE) is a municipal corporation established under the Constitution of the State of Michigan of 1963 and is responsible for establishing constitutionally lawful policies, procedures, customs and practices. WOLVERINE employs the WALLED LAKE Police Department and its officers to carry out its laws in a joint enterprise.

11. All actions brought against the municipal corporations are brought for causes of action for which immunity has been waived in performance of governmental functions by individual Defendants in the course their employment in their respective representative capacities or for which no immunity is granted.  They are independently liable for its policies, practices and customs which lead to this complaint of violation.

4

12. Defendant Oakland County Deputy John Jacobs (JACOBS) is a resident of the County of Oakland, Michigan and at all times was employed by the Oakland County Sheriff Department.

13. Defendant Oakland County Deputy Larry Catanzaro (CATANZARO) is a resident of the County of Oakland, Michigan and at all times was employed by the Oakland County Sheriff Department.

14. Defendant Oakland County Deputy Chatterson (CHATTERSON) is a resident of the County of Oakland, Michigan and at all times was employed by Oakland County Sheriff Department.

15. Defendant Oakland County Deputy Hiller (HILLER) is a resident of the County of Oakland, Michigan and at all times was employed by Oakland County Sheriff Department, and the Charter Township of Highland in a joint enterprise.

16. Defendant Oakland County Sergeant Buffa (BUFFA) is a resident of the County of Oakland, State of Michigan and at all times was employed by the Defendant Oakland County and Oakland County Sheriff Department.

17. Defendant OAKLAND COUNTY SHERIFF Hiller and OCSD Deputies John Doe (1-10) are residents of the County of Oakland, Michigan and at all times were employed by Oakland County Sherriff Department.

18. Defendant Trinity Health Care Corporation (TRINITY) is a foreign (Indiana) corporation doing business as "Highland Haven" (HIGHLAND HAVEN) in the County of Oakland, Michigan, having as its principal agent Agnes Hagerty 34065 12 Mile Road, Farmington Hills, Michigan 48331. Defendant TRINITY is the property manager and operator of HIGHLAND HAVEN, which is owned by HIGHLAND HAVEN Not for Profit corp and

has as its registered agent Kenneth Robbins 17410 College Parkway, Livonia, Michigan 48152.

19. Defendant Laura Maisevich (MAISEVICH) is a resident of the County of Oakland, Michigan at all times pertinent hereto was acting within the course and scope of her employment for and on behalf of TRINITY and HIGHLAND HAVEN.

20. That all of the acts complained of herein occurred within the named individual defendants' course and scope of employment and with respect to all police officers and deputies were acts taken under color of law.

21. That no qualified immunity applies to any law enforcement agent as the violation of the civil rights of the Plaintiff violated clearly established laws of which any reasonable police officer should know; to wit, arresting a person for trespassing in their own residence, arresting a person for breach of public peace in their own private residence, refusing to allow an incarcerated person legal counsel based on an unconstitutional policy or practice, arresting a person for violation of a personal protection order for being at home, 25-30 feet away from a complainant who testified that no such occurrence ever existed, exacting an extrajudicial eviction and seeking bond conditions to dispossess and evict, and arresting a person for attempting to obtain their personal belongings in compliance with an order of release, non-exclusively and without limitation.

22. That each of the private Defendants, KMG, TRINITY, and HIGHLAND HAVEN are vicariously liable for the acts of their employees acting in the course and scope of their employment and acting in concert to violate the civil rights of the Plaintiff.

23. The acts of Defendants', and each of them, were undertaken intentionally, maliciously, wantonly, recklessly and callously, with disregard for Plaintiff's rights and well-being,

entitling him to punitive damages under federal law and exemplary damages under state law.

24. That all of the acts and occurrences herein occurred in or about Oakland County, Michigan and all Defendants either reside or do business there, for which venue is properly placed in the Southern Division of the United States District Court for the Eastern District of Michigan pursuant to 28 USC 1391.

25. As a direct and proximate cause of the acts complained herein, Plaintiff suffered compensatory damages of pain, suffering, mental anguish, emotional distress, fright, shock, mortification, humiliation, loss of property, medical expenses, legal expenses, loss of enjoyment of life and loss of liberty.

## COMMON FACTUAL ALLEGATIONS

26. Plaintiff restates and incorporates each of the preceding paragraphs as though fully restated herein.

27. Plaintiff (FOLEY) contacted the undersigned attorney Donald Sullivan (SULLIVAN) in early January 2010 about an ongoing MDEQ (Michigan Department of Environmental Quality) investigation into contaminated drinking water at his H.U.D.-assisted facility, Highland Haven, managed and operated by TRINITY.

28. Plaintiff discovered that HIGHLAND HAVEN had for over ten (10) years been cited and was in nearly continuous violation of the safe water drinking regulations of the MDEQ.

29. FOLEY raised the issue with Defendant MAISEVICH, who grew infuriated that the MDEQ once again in late November 2009 placed HIGHLAND HAVEN on a "boil water" restriction following FOLEY's complaints.

30. FOLEY contacted HUD (Mark Dominic) and others in reference to a rent abatement on his behalf and on behalf of other federally-subsidized tenants with whom he sought to form a tenants union, but was ignored despite the merit of his complaint.

31. MAISEVICH and an assistant who has a close relationship with JACOBS, an Oakland County Sheriff Deputy, and under the direction of TRINITY and HIGHLAND HAVEN, thereupon plotted and conspired against FOLEY to incriminate, deprive him of his liberty and deprive him of his leasehold estate without due process of law.

32. MAISEVICH, her assistant, its attorneys and Sheriff Deputies JACOBS, CATANZARO, HILLER and CHATTERSON thereupon undertook the collection of false, disparaging boiler-plate affidavits claiming that FOLEY should be summarily evicted since he was a nuisance.

33. MAISEVICH, her assistant, its attorneys, and the Oakland County Sheriff Deputies JACOBS, CATANZARO, HILLER and CHATTERSON undertook to squelch and chill FOLEY's speech and his freedom to associate with others.

34. MAISEVICH concocted numerous false, misleading and disparaging statements against FOLEY from tenants under the threat of their own eviction if they did not state that which she required of them.

35. MAISEVICH had used similar tactics against a former tenant (Mr. Owens) by using similar boiler-plate affidavits when attempting to evict him, showing a pattern and practice of illegal behavior.

36. SULLIVAN was in the process of pleading a Complaint for Retaliatory Eviction and Discriminatory Housing Practices when FOLEY was served with an eviction notice which was clearly retaliatory.

37. MAISEVICH and her attorneys were rebuffed during the eviction proceeding because their complaint was baseless, of their prior use of incredible affidavits and they had for several months refused to accept FOLEY's rent checks in an attempt to provide an additional basis to evict for non-payment.

38. MAISEVICH, her assistant and Oakland County Sheriff Deputies JACOBS, CATANZARO, HILLER and CHATTERSON counseled another tenant (Claudia Boehner) to obtain an ex-parte order of personal protection (PPO) against FOLEY to effectively force him out of the complex, which was baseless and should have been denied when it was filed.

39. Ms. Boehner (not a party hereto at this time) had used the PPO procedures before against her own husband and was the perfect candidate.  She initially denied that she had the PPO procedure previously, but later changed her testimony on April 9, 2010 during a formal hearing.

40. Oakland County Sheriff Deputy JACOBS was observed by the court-appointed defense attorney for FOLEY giving legal advice and coaching the testimony of Claudia Boehner in concert with MAISEVICH and her assistant, which was reported to SULLIVAN when he appeared at an allegation of a violation of that order.

41. FOLEY was surprised when he was first served with the PPO that he was given no opportunity to contest.  Thereafter, Claudia Boehner walked past him in the common area and he merely said, "I guess I'm not allowed to speak with you."  FOLEY was immediately arrested by Oakland County Sheriffs Deputy JACOBS and others, but at the hearing was not found to have intentionally committed a criminal violation of that order, only a technical civil violation.

42. Largely unsuccessful again in her attempts to take away the liberty of FOLEY and while he was still in possession of his premises, JACOBS, MAISEVICH, and her assistant sought further assistance from CHATTERSON and HILLER to try again to incriminate FOLEY for two (2) more baseless claimed violations of the PPO.

43. FOLEY was chased around Oakland County like a violent criminal (he still as of this date has no criminal history), subjected to excessive force and arrested without probable cause by Deputy CATANZARO.

44. FOLEY was jailed on Good Friday and was transported to Pontiac Osteopathic Hospital when he was ordered to be held on bond for nothing more than what was found to be a technical violation by Judge Fred Mester.  FOLEY was initially denied medical treatment in the Oakland County Jail and only after appearing in a tragic condition before Judge Mester was his care given.

45. BUFFA then denied jail visitation to FOLEY by his long-time attorney, Fred Lauck, claiming that it was the policy of the jail that only the attorney of record on a case could visit an inmate.  Oakland County has apologized and admitted its wrongdoing in that matter.

46. Only by the grace of Mrs. Sommerville at pre-trial services was FOLEY released from jail before the Easter Holiday.  Yet once again he was dispossessed of his leasehold estate by the concerted efforts of MAISEVICH, her assistant, Boehner, JACOBS, CANTANZARO, CHATTERSON, HILLER and others by arresting FOLEY for "breach of peace" at his own residence, which was later dismissed.

47. The hearing April 9, 2010 on those violations did not go well for Defendants, who had one violation summarily dismissed and got merely a technical violation on another. FOLEY was again restored to his right of possession.

48. After having failed to elicit any testimony at all of one violation for which he was charged and which was investigated by CHATTERSON and HILLER and only getting a $150.00 civil violation on the other, MAISEVICH, and the Oakland County Sheriff Deputies were again undeterred.

49. FOLEY was again confronted and arrested at his own residence just three (3) days later for allegedly causing a "breach of the public peace." This was, despite the fact that it occurred in a private residence and the Sheriff's own discovery during the PPO hearings showed that they knew such charges were unlawful, as was his arrest for merely speech in a private residence.

50. That case, in which the prosecutor's discovery suspiciously failed to include the very laws and legal citations showing it was an unlawful charge (provided to SULLIVAN during the PPO hearing) was dismissed on directed verdict as a matter of law.

51. During this process, in which FOLEY was being subjected to constant attempts to incriminate him and being arrested on three (3) separate occasions, he sought refuge at the WALLED LAKE VILLA, another H.U.D. funded complex in Oakland County.

52. For several months, FOLEY observed that numerous and serious safety code violations were occurring, such as non-maintenance and disrepair of elevators which caused residents to be routinely stranded. He made those observations known to HUD.

53. Again, the management of the H.U.D.funded facility grew irate that FOLEY would raise his concerns to H.U.D. and undertook to build a case against FOLEY to have him evicted.

54. KMG, STEVENS, BASTIEN, and its corporate counsel, LESTER, immediately began to disrupt FOLEY's access to H.U.D. service coordinators and contacted HIGHLAND HAVEN to find out how it was able to get rid of FOLEY.

55. KMG and its management Marcia STEVENS continually called WALLED LAKE to get them to investigate FOLEY from November 2010 through February 7, 2011, when they somehow convinced ELLSWORTH and WALLED LAKE to arrest him for criminal trespass. ELLSWORTH

56. On January 28, 2011, BASTIEN, acting in concert with and taking a cue from MAISEVICH's plan of attack, outlined clearly what had been done and what they intended to do in a lengthy memorandum.

57. SULLIVAN and FOLEY simply awaited the eviction proceedings and were surprised by LESTER's contention that she could summarily evict FOLEY on a "7-Day Hazardous Health Condition Notice."

58. KMG, LESTER and BASTIEN also attempted to initiate an eviction complaint on a "7 Day Notice of Hazardous Condition" in the 52-1 District Court on February 8, 2011, but the Hon. Robert Bondy refused to sign such a writ.

59. On January 31, 2011, FOLEY was disallowed further use of the H.U.D. coordinators. STEVENS refused to accept FOLEY's rent check on February 3, 2011.

60. KMG, STEVENS, BASTIEN, and LESTER were on notice of FOLEY's representation. Yet they made direct contact with him on February 5, 2011, with an Oakland County Sheriff and attempted to evict him solely on the baseless "7-Day Health Hazard Notice."

61. Unsuccessful and admitting that she "was frustrated and didn't know what to do", LESTER counseled STEVENS to make a criminal complaint of trespass against FOLEY with the WALLED LAKE, which was clearly a violation of established law, but for which he was arrested and dispossessed of his leasehold.

62. After two (2) days of being constantly harassed by the supposed head of maintenance, "Fred" (who threatened repeatedly to "take (him) outside"), FOLEY went to WALLED

LAKE on February 7, 2011, and asked to speak with the captain for some relief and acknowledgment of his right of occupancy.  He was told ELLSWORTH would come to his residence.  When he did, ELLSWORTH said he had "had enough" and arrested FOLEY for "trespass" and seizing FOLEY'S truck.

63. When he was arrested on February 7, 2011, FOLEY was throttled and injured by the arresting officers AYERS, SCHNEIDER and ELLSWORTH of WALLED LAKE in an excessive use and display of force, causing harm and severe emotional distress.  FOLEY was taking a fellow resident to dialysis when this occurred.

64. FOLEY was again arrested when on February 10, 2011, he tried to obtain his medicine and personal belongings as he was allowed to do in the order of release from his 2/7/11 arrest.  Again, he was severely throttled and injured by the arresting officers BOSLEY, NOBLE and AYRES of WALLED LAKE in an excessive use and display of force, causing harm and severe emotional distress.

COUNT I:  VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. SEC.
1983

65. Plaintiffs incorporate by reference each preceding paragraph as though fully restated herein.

66. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the First, Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to: (i) the right to be free from unreasonable searches and seizures; (ii) the right not to be deprived of liberty or property without due process of law; (iii) the right to be free from arrest or detention in the absence of probable cause; (iv) the right to be free from excessive use of force by persons acting under color of state

law; (v) the right to just compensation for taking of property; (vi) the right to free speech and association on matters of public concern; (vii) the right to be free from malicious prosecution; and (viii) denial of access to counsel.

67. In violating the Plaintiff's rights delineated above, Defendants acted under color of state law and conducted unauthorized, warrantless searches and seizures, unlawful stops, unlawful arrests, denial of legal counsel, the right to a fair trial, used excessive force, violated the right to free speech, retaliated for the exercise of free speech, and set into motion the chain of events leading to deprivation of liberty and property without due process of law in violation of Plaintiff's rights under the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

68. As a direct, natural and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in the Complaint for which he is entitled to compensatory and punitive damages and attorneys fees under 42 U.S.C. Sec. 1983.

### COUNT II:    VIOLATION OF CIVIL RIGHTS UNDER TITLE 42 U.S.C. 1983MUNICIPAL LIABILITY (FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES)

69. Plaintiff restates and incorporates each preceding paragraph.

70. Defendants WALLED LAKE, *Acting* Chief of Police ELLSWORTH, WOLVERINE, and HIGHLAND, implicitly or explicitly, adopted and implemented careless and reckless policies, customs or practices that included, among other things, allowing law enforcement officers to make criminal purely civil matters, refusing to allow jailed inmates visitation by legal counsel, removing documents contained in the investigative file showing the absence of a legal basis to convict to defense counsel, refusing to give public records when properly requested, failing to require probable cause for an arrest,

14

failing to train officers on the law so as to avoid violation of clearly established laws such as charging a person for a crime against the public in a private residence or trespassing in their own home condoning excessive force and conspiring with private parties to violate said rights.

71. The failure of WALLED LAKE, HIGHLAND, WOLVERINE and *Acting* Chief ELLSWORTH and others to adequately train and supervise their officers, and others amounts to deliberate indifference to the right of the Plaintiff to be free from unlawful arrest, excessive force, and wrongful detention under the Fourth and Fourteenth Amendments to the Constitution.

72. The actions of Defendant ELLSWORTH, as the chief law enforcement officer of WALLED LAKE and WOLVERINE, creates municipal liability for them.

73. As a result of this deliberate indifference to the Plaintiff's clearly established rights, he has suffered personal injuries, economic and non-economic damages, the loss of property rights and other general and specific damages recoverable under 42 U.S.C. 1983.

COUNT III: VIOLATION OF CIVIL RIGHTS 42 U.S.C. 1983 (FALSE ARREST)

74. Plaintiff restates and incorporates each preceding paragraph as though fully restated herein.

75. In committing the acts complained of herein, Defendants ELLSWORTH, WALLED LAKE, CATANZARO, CHATTERSON, HILLER, JACOBS, SCHNEIDER, AYRES and others acted under color of state law by falsely arresting and detaining the Plaintiffs with no basis in fact or law to do so.  In violating the Plaintiff's right to be free from false arrest, the Defendant violated the Plaintiff's right under the Fourth and Fourteenth Amendment to the Constitution.

15

76. As a direct, natural and proximate result of those acts, the Plaintiffs civil rights were denied under color of law and he suffered personal injury and general and specific damages recoverable under 42 U.S.C. 1983 in addition to attorney fees and punitive damages for their collective and singular reckless indifference of those rights.

COUNT IV: Violation of Civil Rights 42 U.S.C. 1983 (Deprivation of Property without Due Process of Law)

77. Plaintiff restates and incorporates each preceding paragraph as though fully restated herein.

78. Defendants ELLSWORTH, JACOBS, SCHNEIDER, AYERS, CHATTERSON, CATANZARO and other unknown Walled Lake Police Officers and Oakland County Sheriff Deputies in concert with other defendants, intentionally, maliciously, and wantonly disregarded the Plaintiffs property rights and amounted to deprivation of property in violation of the Fourth and Fourteenth Amendments by evicting him from his leasehold and seizing his van.

79. As a direct, natural and proximate result of those acts, the Plaintiffs civil rights were denied under color of law and he suffered personal injury and general and specific damages recoverable under 42 U.S.C. 1983 in addition to attorney fees and punitive damages for their collective and singular reckless indifference of those rights pursuant to 42 USC § 1988.

COUNT V: SUPERVISORY LIABILITY; 42 U.S.C. 1983 DEPRIVATION OF FIRST, FOURTH and FOURTEENTH AMENDMENT RIGHTS

80. Plaintiff restates and incorporates each preceding paragraph.

81. Defendant WALLED LAKE *Acting* Chief of Police ELLSWORTH implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices,

16

that included, among other things, retaliation for speech, petition for redress of grievances, successful exercise of access to the courts, allowing law enforcement officers to make criminal purely civil matters, failing to require probable cause for an arrest, failing to train officers on the law so as to avoid violation of clearly established laws such as charging a person for a crime against the public in a private residence, or trespassing in their own home among other things non-exclusively.

82. The failure of the Acting Chief ELLSWORTH, WALLED LAKE, HIGHLAND, WOLVERINE, and others to adequately train and supervise the Defendants Deputies and Officer and others amounts to deliberate indifference to the right of the Plaintiff to be free from retaliation, unlawful arrest, excessive force, deprivation of liberty and property without due process of law, and wrongful detention under the First, Fourth and Fourteenth Amendments to the Constitution.

83. As a result of this deliberate indifference to the Plaintiff's clearly established rights, he has suffered personal injuries, economic and non-economic damages, the loss of property rights and other general and specific damages recoverable under 42 U.S.C. 1983, including punitive damages and attorneys fees pursuant to 42 USC 1988..

COUNT VI: VIOLATION OF 42 U.S.C. 1983 (MALICIOUS PROSECUTION)

84. Plaintiff restates and incorporates each preceding paragraph as though fully restated herein.

85. That despite its knowledge of the absence of probable cause of the commission of a crime in light of the known facts and laws available to them, Defendants ELLSWORTH, JACOBS, CHATTERSON, CATANZARO, HILLER, AYERS, SCHNEIDER, BOSLEY,NOBLE and other Oakland County Sheriffs with wanton and reckless indifference, retaliatory, intent and actual or implied malice, initiated and continued

17

prosecution of criminal complaints against the Plaintiff which have been or will be dismissed for their failure as a matter of law in violation of the First, Fourth and Fourteenth Amendments.

86. The Defendants acts and each and every one of them are not afforded any form of qualified immunity in that they violated clearly established rights which a reasonable police officer should have been aware.

87. That ELLSWORTH, SCHNEIDER and WALLED LAKE on February 28, 2011 threatened to continue prosecuting FOLEY for additional unlawful charges if he did not submit to an extra-legal eviction.

88. As a direct, natural and proximate result of those acts, the Plaintiffs civil rights were denied under color of law and he suffered personal injury, general and specific damages recoverable under 42 U.S.C. 1983 and 42 U.S.C. 1988 in addition to punitive damages for their malicious prosecution and reckless indifference of those rights.


COUNT VII:  42 U.S.C. 1983 AND 1988 (CONSPIRACY TO VIOLATE CIVIL RIGHTS)

89. Plaintiff restates and incorporates each preceding paragraph as though fully restated herein.

90. Plaintiff has a right to be free from retaliatory eviction on the basis of his exercise of free speech and his attempts to associate with others.

91. That the Defendants, KMG, WALLED LAKE VILLA, TRINITY, HIGHLAND HAVEN, MAISEVICH, STEVENS, BASTIEN, LESTER, and others unknown to Plaintiff did undertake a conspiracy and acted in concert with the other Defendants and other public officials to retaliate against Plaintiff for his exercise of protected speech and association in an effort to dispossess the Plaintiff of his liberty and property rights.

18

92. As a direct, natural and proximate result of those acts, the Plaintiffs civil rights were denied under color of law and he suffered personal injury, general and specific damages recoverable under 42 U.S.C. 1985 and 42 U.S.C. 1988 and punitive damages for their collective and singular reckless indifference of those rights.

COUNT IX: Pendent State Law Claims under the Michigan Governmental Tort Liability and Immunity Statute MCL §691.1401 *et seq.*

A.  False Arrest

B.  False Imprisonment

C.  Conversion

D.  Conversion

E.  Assault and Battery

F.  Intentional Infliction of Emotional Distress

93. Plaintiff restates and incorporates each preceding paragraph as though fully restated herein.

94. That certain acts engaged in by governmental officials are not subject to governmental immunity under the Eleventh Amendment to the Constitution of the United States or have been specifically waived by the Michigan Governmental Immunity Act, namely acts of false imprisonment, conversion, assault and battery.

95. Defendants, and each of them, public and private, acted in concert.

96. Plaintiff suffered by reason of the intentional gross negligence acts on the Defendants in the course and scope of their duties certain injuries by reason of the offensive contact with his person, the taking away of his liberty, the conversion of his automobile, the taking of his liberty by false imprisonment, deprivation of his property rights, threats of

imminent bodily harm, malicious prosecution and intentional infliction of emotional distress.

97. That as a direct and natural result of those acts of the above-named Defendants, the Plaintiff did suffer serious personal injuries, general and specific, compensatory and exemplary, damages recoverable at law.

COUNT X:  VIOLATION OF MCL §600.5720- RETALIATORY EVICTION AND BREACH OF CONTRACT

98. Plaintiff restates and incorporates by reference each preceding allegation.

99. That the Defendants KMG and TRINITY's Plaintiff's tenancy were breaches of contract in violation of MCL §600.5720.

100.    The Defendant is required to follow this law:

**Sec. 5720.** (1) A judgment for possession of the premises for an alleged termination of tenancy shall not be entered against a defendant if 1 or more of the following is established:

   (a) That the alleged termination was intended primarily as a penalty for the defendant's attempt to secure or enforce rights under the lease or agreement or under the laws of the state, of a governmental subdivision of this state, or of the United States.

   (b) That the alleged termination was intended primarily as a penalty for the defendant's complaint to a governmental authority with a report of plaintiff's violation of a health or safety code or ordinance.

   (c) That the alleged termination was intended primarily as retribution for a lawful act arising out of the tenancy, including membership in a tenant organization and a lawful activity of a tenant organization arising out of the tenancy.

101.    As a consequence of the Defendant KMG's threatened eviction, and Trinity and Highland Haven's eviction based on the Plaintiff's report to H.U.D. of habitability and

safety concerns such as unmaintained elevators and water contamination to the MDEQ, state, local and tenant groups, is in violation of law and repudiates the lease agreement.

102.     As a further consequence, the Plaintiff has incurred unnecessary legal fees and consequential damages as a result of this breach of contract and retaliatory eviction.


## COUNT XI: INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS

100.   Plaintiff restates and incorporates by reference each of the preceding paragraphs as though fully restated herein.

101.   None of the governmental Defendants ELLSWORTH, SYPRETT, CHATTERSON, HILLER, CATANZARO, BUFFA, or other agents of the Oakland County Sheriff Department, Walled Lake Police Department, or HUD are in their personal capacity are immune for acts of extreme and outrageous conduct or intentional infliction of extreme emotional distress made in bad faith.

102.   No governmental immunity exists to insulate the Defendant County, Township, Village or Municipalities for the acts complained of herein against the Defendants above in their representative capacity as they could not have reasonably believed that they were acting within the scope of authority, nor that their actions were made in good faith.

103.   As a direct and proximate result of the acts, Plaintiff has suffered damages, compensatory and explary.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff FOLEY prays for the following relief:

1.  That judgment be entered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

2.  That the Plaintiff be awarded damages (compensatory, punitive and exemplary) to which it may appear that he is entitled by the proof submitted in this cause.

3.  That Plaintiff be awarded reasonable attorney fees, expenses, costs and expert witness fees pursuant to 42 U.S.C. 1988(b) and (c).

Respectfully submitted,

_s/Hugh M. Davis_____
HUGH M. DAVIS (P12555)
Co-counsel for Plaintiffs
Constitutional Litigation Associates, P.C.
450 West Fort Street, Suite 200
Detroit, MI  48226
(313) 961-2255/Fax: (313) 961-5999
conlitpc@sbcglobal.net

and

__s/Donald D. Sullivan_____
DONALD D. SULLIVAN (P57627)
ANTHONY H. MCCLERKLIN (P74296)
Attorneys for Plaintiff
56875 Grand River Ave., Suite C
P.O. Box 308
New Hudson, MI  48165
(248) 380-9404

Dated:  April 27, 2011

22

## JURY DEMAND

Plaintiff requests a jury for all issues so triable in this case.

Respectfully submitted,

_s/Hugh M. Davis_____
HUGH M. DAVIS (P12555)
Co-counsel for Plaintiffs
Constitutional Litigation Associates, P.C.
450 West Fort Street, Suite 200
Detroit, MI  48226
(313) 961-2255/Fax: (313) 961-5999
conlitpc@sbcglobal.net

and

__s/Donald D. Sullivan_____
DONALD D. SULLIVAN (P57627)
ANTHONY H. MCCLERKLIN (P74296)
Attorneys for Plaintiff
56875 Grand River Ave., Suite C
P.O. Box 308
New Hudson, MI  48165
(248) 380-9404

Dated: April 27, 2011