UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. FOLEY,

              Plaintiff,

v.

CITY OF WALLED LAKE, CAPTAIN J. ELLSWORTH,
DET. SCHNEIDER, P.O. ANTHONY NOBLE, P.O. SCOTT BOSLEY,
P.O. KENNETH AYERS, OAKLAND CNTY. DEPUTY JOHN JACOB,
VILLAGE OF WOLVERINE LAKE, KMG PRESTIGE, INC., JUDITH A.
LESTER, TAMI BASTIEN, MARCIA STEVENS, DEPUTY LARRY CATANZARO
SGT. BUFFA, DEPUTY R. CHATTERSON, OAKLAND CNTY. DET. K. HILLER
LAURA MASISEVICH, TRINITY HEALTH, KELLY GREEN, WALLED LAKE VILLA
APARTMENTS and JOHN DOES 1-10,

              Defendants,

Case No.: 2:11-cv-11856
Hon. Denise Page Hood
Mag. Michael J. Hluchaniuk

_____/

HUGH M. DAVIS (P12555)
**_Attorney for Plaintiffs_**
Constitutional Litigation Associates, P.C.
450 West Fort Street, Suite 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 961-5999
conlitpc@sbcglobal.net

Mary M. Mara (P45114)
Oakland County Corp. Counsel
**_Attorney for Defendants Sgt. Buffa,_**
**_Larry Catanzaro, Deputy R. Chatterson, Det._**
**_K Hiller and John Jacob only_**
1200 N. Telegraph Rd., Dept. 419
Pontiac, MI 48341-0419
(248) 975-9616

Michael M. Wachsberg (P28646)
Pedersen, Keenan, King, Wachsberg &
Andrzejak, P.C.
**_Attorney for Ellsworth, Ayers and Village of_**
**_Wolverine Lake_**
4057 Pioneer Dr., Ste. 300
Commerce Township, MI 48390-1363
248-363-6400
wachsberg@pkkwa.com

Margaret T. Debler (P43905)
Johnson, Rosati, Labarge, Aseltyne & Field,
P.C.
**_Attorneys for City of Walled Lake, Schneider,_**
**_Bosley, Noble and Highland Township_**
34405 W. 12 Mile Rd., Ste. 200
Farmington Hills, MI 48331-5627
248-489-4100
crosati@jrlaf.com
mdebler@jrlaf.com

Heidi D. Hudson (P32495)
Zausmer, Kaufman, August, Caldwell &
Tayler, P.C.
**_Attorney for KMG Prestige, Inc., Lester,_**

Steven J. Bonasso (P55529)
**_Attorney for Defendants Maisevich and_**
**_Trinity Health_**
645 Griswold St., Ste. 2800

***Bastien, and Stevens and Trinity Health***
31700 Middlebelt Rd., Ste. 150
Farmington Hills, MI 48334-2374
248-851-4111/Fax: 248-851-0100

Detroit, MI 48226
313-964-6300/Fax: 313-964-6310
steven.bonasso@csetlaw.com

Alicia Chandler, (P67511)
***Co-Counsel for Defendants Laura Maisevich
and Trinity Health***
34605 W. 12 Mile Rd.
Farmington Hills, MI 48331
248-489-6861/Fax: 248-489-6675
chandlea@trinity-health.org

## PLAINTIFF'S RESPONSE TO DEFENDANTS TRINITY HEALTH & LAURA MAISEVICH'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) (DKT 40)

Plaintiff, William Foley, through his attorney, Hugh M. Davis of Constitutional Litigation

Associates, P.C. respond to Defendants' Motion to Dismiss under Fed. R.Civ. P. 12(b)(6) (Dkt

40) showing:

1. Defendants brought a Motion to Dismiss in the above-captioned matter on December 16, 2011.

2. For the reasons set forth in the attached Brief in Opposition, Defendants' Motion should be denied.

Respectfully submitted,

Constitutional Litigation Associates, P.C.

By: _s/ Hugh M. Davis_
Hugh M. Davis (P12555)
Attorneys for Plaintiff
450 W. Fort Street, Suite 200
Detroit, Michigan 48226
313-961-2255/Fax: 313-961-5999
conlitpc@sbcglobal.net

Dated: March 7, 2012

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. FOLEY,

             Plaintiff,

v.

                                   Case No.: 2:11-cv-11856
                                   Hon. Denise Page Hood
                                   Mag. Michael J. Hluchaniuk

CITY OF WALLED LAKE, CAPTAIN J. ELLSWORTH,
DET. SCHNEIDER, P.O. ANTHONY NOBLE, P.O. SCOTT BOSLEY,
P.O. KENNETH AYERS, OAKLAND CNTY. DEPUTY JOHN JACOB,
VILLAGE OF WOLVERINE LAKE, KMG PRESTIGE, INC., JUDITH A.
LESTER, TAMI BASTIEN, MARCIA STEVENS, DEPUTY LARRY CATANZARO
SGT. BUFFA, DEPUTY R. CHATTERSON, OAKLAND CNTY. DET. K. HILLER
LAURA MASISEVICH, TRINITY HEALTH, KELLY GREEN, WALLED LAKE VILLA
APARTMENTS and JOHN DOES 1-10,

                    Defendants,

_____/

HUGH M. DAVIS (P12555)
*Attorney for Plaintiffs*
Constitutional Litigation Associates, P.C.
450 West Fort Street, Suite 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 961-5999
conlitpc@sbcglobal.net

Mary M. Mara (P45114)
Oakland County Corp. Counsel
*Attorney for Defendants Sgt. Buffa,*
*Larry Catanzaro, Deputy R. Chatterson, Det.*
*K Hiller and John Jacob only*
1200 N. Telegraph Rd., Dept. 419
Pontiac, MI 48341-0419
(248) 975-9616

Michael M. Wachsberg (P28646)
Pedersen, Keenan, King, Wachsberg &
Andrzejak, P.C.
*Attorney for Ellsworth, Ayers and Village of*
*Wolverine Lake*
4057 Pioneer Dr., Ste. 300
Commerce Township, MI 48390-1363
248-363-6400
wachsberg@pkkwa.com

Margaret T. Debler (P43905)
Johnson, Rosati, Labarge, Aseltyne & Field,
P.C.
*Attorneys for City of Walled Lake, Schneider,*
*Bosley, Noble and Highland Township*
34405 W. 12 Mile Rd., Ste. 200
Farmington Hills, MI 48331-5627
248-489-4100
crosati@jrlaf.com
mdebler@jrlaf.com

Heidi D. Hudson (P32495)
Zausmer, Kaufman, August, Caldwell &
Tayler, P.C.
*Attorney for KMG Prestige, Inc., Lester,*

Steven J. Bonasso (P55529)
*Attorney for Defendants Maisevich and*
*Trinity Health*
645 Griswold St., Ste. 2800

***Bastien, and Stevens and Trinity Health***
31700 Middlebelt Rd., Ste. 150
Farmington Hills, MI 48334-2374
248-851-4111/Fax: 248-851-0100

Detroit, MI 48226
313-964-6300/Fax: 313-964-6310
steven.bonasso@csetlaw.com

Alicia Chandler, (P67511)
***Co-Counsel for Defendants Laura Maisevich
and Trinity Health***
34605 W. 12 Mile Rd.
Farmington Hills, MI 48331
248-489-6861/Fax: 248-489-6675
chandlea@trinity-health.org

/

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANTS TRINITY HEALTH & LAURA MAISEVICH'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) (DKT 40)

## QUESTIONS PRESENTED

1.  Has Plaintiff properly pled claims against Defendants as state actors for the

    purposes 42 U.S.C. § 1983, where Defendants invoked the aid of, and conspired

    with state officials to deprive Plaintiff of his constitutional rights?

    Controlling Authority:

    Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)
    Dennis v. Sparks, 449 U.S. 24 (1980)
    Tahfs v. Proctor, 316 F.3d 584 (6th Cir. 2003)

2.  Has Plaintiff properly pled a § 1983 civil conspiracy claim where Plaintiff has

    alleged facts showing that Defendants formed a plan to evict Plaintiff in

    retaliation for Plaintiff's exercise of his First Amendment rights and, acting in

    conjunction with each other and other co-Defendants, undertook overt acts in

    furtherance of that plan?

    Controlling Authority:

    Hooks v. Hooks, 771 F.2d 935 (6th Cir. 1985)
    Gutierrez v. Lynch, 826 F.2d 1534 (6th Cir.1987)
    Moldowan v. City of Warren, 578 F.3d 351 (6th Cir. 2009)

3.  Do claims against corporate Defendant Trinity properly lie because they are

    subject to corporate liability under 42 U.S.C. § 1983?

    Controlling Authority:

    Monell v. Department of Social Services, 436 U.S. 658 (1978)
    Braswell v. Corrections Corp. of America, No. 09-6100 (6th Cir. April 15, 2011)
    Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988)

4.    Are Plaintiff's pendent state-law claims against Defendants Trinity and Highland Haven for retaliatory eviction and breach of contract precluded by a consent judgment entered in a summary evictions proceeding where the proceeding decided only the issue of possession?

Controlling Authority:

Sewell v. Clean Cut Management, Inc., 621 N.W.2d 222 (Mich. 2001)
Jam Corp v. Aaro Disposal, Inc., 600 N.W.2d 617 (Mich. 1999)

5.    Has Plaintiff properly pled his state-law claim against Defendant Maisevich for Intentional Infliction of Emotional Distress where the facts contained in Plaintiff's complaint satisfy the elements of an IIED claim as interpreted by the Michigan Court of Appeals?

Controlling Authority:

Teadt v. Lutheran Church Missouri Synod, 603 N.W.2d 816 (Mich. Ct. App. 1999)

## INTRODUCTION

Plaintiff first notes that portions of this motion are premature inasmuch as discovery has not been completed. This is a multiple-defendant, multiple-incident, multiple-claim civil rights lawsuit arising out of the relations between Plaintiff and certain federally subsidized senior citizens' residence establishments in Oakland County. The Complaint alleges that, in retaliation for Foley's complaints to the Defendants and to public authorities about various conditions in those establishments, the Defendants, acting in concert with various local police agencies, repeatedly attempted to evict Foley, have groundless PPOs issued against him, and/or have him charged with crimes.

Given the number of defendants, incidents, and claims, this could easily become a potentially unwieldy suit. Plaintiff proposed, and all Defendants initially agreed, that it would be helpful to have an early Rule 16 Conference in order to simplify scheduling, promote coordination between the attorneys for the various parties and to further consider whether early ADR or other processes might resolve the case regarding one or more Defendants or groups of Defendants. To that end, on February 3, 2012, Plaintiff filed a Motion for a Rule 16 Conference (Dkt 48) and Defendants Trinity Health and Maisevich provisionally agreed to withdraw their Motion for a Judgment on the Pleadings (Dkt 40) and Defendant KMG Prestige provisionally agreed to withdraw its Motion to Dismiss and/or for Summary Judgment (Dkt 42), pending said conference. However, Defendants Trinity Health and Maisevich have since opted not to withdraw their 12(b)(6) motion and a hearing on that motion is scheduled for April 11, 2012.

## STANDARD OF REVIEW

Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted. Fed.R.Civ.P. 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations). A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense. Poe v. Haydon, 853 F.2d 418, 424 (6th Cir.1988) (stating that a civil rights plaintiff need not anticipate an affirmative defense which must be pleaded by the defendant). A court must construe the complaint in the light most favorable to the plaintiffs and accept as true all well-pleaded factual allegations. Cooper v. Parrish, 203 F.3d 937, 944 (6th Cir.2000). Claims made pursuant to 42 U.S.C. § 1983 are not subject to heightened pleading standards. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 165-66, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (rejecting heightened pleading standards for § 1983 claims); Jones v. Duncan, 840 F.2d 359 (6th Cir.1988) (holding that § 1983 complaints need not set down in detail all the particularities of a plaintiff's claim against a defendant).

I.  DEFENDANTS ARE STATE ACTORS INSOFAR AS THEY INVOKED THE AID OF STATE OFFICIALS AND ACTED IN CONCERT WITH STATE OFFICIALS TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS.

Defendants argue that any § 1983 claims against them should be dismissed because they were private actors and therefore not within the ambit of a § 1983 claim. However, it is well established that

> Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.

Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 152 (1970).

Thus, individuals who would, in most circumstances, be considered private actors become state actors when jointly engaged with the State or its agents in acts that violate the constitutional rights of another. *See also* Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1981) (holding that "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be . . . because he has acted together with or has obtained significant aid from state officials."); Dennis v. Sparks, 449 U.S. 24, 28-29 (1980) (holding that a private party may be liable for conspiring with state actors to violate civil rights); Cooper v. Parrish, 203 F.3d 937, 952 n.2 (6th Cir. 2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983.").

In Adickes, the plaintiff alleged the existence of a conspiracy between a private party (Kress, through the actions of its employees) and the police to refuse the plaintiff equal treatment and service in a place of accommodation and to have the plaintiff falsely arrested, insofar as a police officer was present at the time the defendants refused her service and, after the plaintiff left the store, the same police officer walked out of the store and arrested her without probable cause for vagrancy. Although the store manager denied that he communicated with the police,

he did acknowledge tacitly ordering the food-counter supervisor to refuse the plaintiff service because he was "fearful" of a riot in the store. Adickes, *supra*, 398 U.S. at 153-54. Even though the plaintiff conceded that "she had no knowledge of an agreement between [defendant] and the police," the Court agreed with plaintiff's contention that "the sequence of events created a substantial enough possibility of a conspiracy to allow her to proceed to trial." Id. at 157. The Court held that summary judgment was inappropriate where the defendant failed "to foreclose the possibility that there was a policeman in the [defendant's] store while [plaintiff] was awaiting service, and that this policeman reached an understanding with some . . . employee [of defendant] that [plaintiff] not be served." Id.

When a defendant is a private entity, this circuit recognizes three tests for determining whether its conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. Wolotsky v. Hohn, 960 F.2d 1331 (6th Cir. 1992). The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." Id. at 1335. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Id. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state. Id.

Application of these tests to the conduct of a private entity, however, is relevant only in cases in which there are no allegations of cooperation or concerted action between state and private actors. Cooper v. Parrish, *supra*, 203 F.3d at 952 n.2 (6th Cir. 2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a

10

state actor and may be held liable pursuant to § 1983 . . ."); Moore v. City of Paducah, 890 F.2d 831, 834 (6th Cir. 1989) (holding that individuals who conspire with state actor to deprive individuals of their federally-protected rights may be found to have acted under color of state law for purposes of § 1983 liability). Private persons may be held liable under § 1983 if they willfully participate in joint action with state agents. Dennis v. Sparks, *supra*, 449 U.S. at 27-28 (1980); *United States v. Price*, 383 U.S. 787 (1966) (stating that to act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.); Hooks v. Hooks, 771 F.2d 935, 943 (6th Cir. 1985) ("Private persons jointly engaged with state officials in a deprivation of civil rights are acting under color of law for purposes of § 1983.").

It is clear, then, that private persons may be held liable under § 1983 if they jointly engage with state officials in a prohibited action. *See* Tahfs v. Proctor, 316 F.3d 584, 591 (6th Cir. 2003) ("Allegations in a plaintiff's complaint that a private citizen-defendant acted corruptly in concert with a state official may be sufficient to make out a claim that, as to the action in question, the defendant is a state actor."). Foley's complaint repeatedly alleges joint or concerted actions between the otherwise-private actors (Trinity and Maisevich) and state actors (numerous Oakland County police officers) to deprive Foley of his rights under the First, Fourth, Sixth, and Fourteenth Amendments. *See* Plaintiff's Second Amended Complaint, ¶¶ 31, 32, 33, 38, 40, 42, 46, 48, 49, 91. It is difficult to see what else Foley could or should be required to plead under the liberal pleading rules. Foley has pleaded facts and allegations far more indicative of concerted action than in Adickes, where the court denied summary judgment on the mere possibility, looking at the sequence of events, that private actors and state actors had reached some unspoken understanding to violate plaintiff's constitutional rights. Here, Foley has

alleged that the Defendants conspired with police officers to have Foley repeatedly investigated and then arrested without probable cause, with the underlying purpose of evicting him in retaliation for his complaints to authorities.

Because Foley's complaint has thoroughly documented instances where Foley alleges concerted action between otherwise-private actors (Trinity and Maisevich) and state actors (various police officers), Foley has pleaded sufficient facts to show that Defendants were state actors for the purpose of § 1983, and can therefore maintain § 1983 actions against Defendants Trinity and Maisevich. As such, the court should deny Defendants' motion for summary judgment as to those claims.

II. PLAINTIFF HAS PROPERLY PLED A § 1983 CONSPIRACY CLAIM AGAINST DEFENDANTS WHERE HE HAS ALLEGED THAT DEFENDANTS FORMED A PLAN TO EVICT HIM IN RETALIATION FOR EXERCISE OF HIS FIRST AMENDMENT RIGHTS, AND UNDERTOOK OVERT ACTS IN FURTHERANCE OF THAT PLAN.

The standard for proving a civil conspiracy was set forth in Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985):

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

It is true that "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987). As such, it

may be appropriate to dismiss a conspiracy claim where the complaint states only legal conclusions and lacks factual support for the claim. *See* Moldowan v. City of Warren, 578 F.3d 351, 394-95 (6th Cir. 2009) (plaintiff failed to sufficiently plead conspiracy where he alleged "only one substantive factual allegation."); Gutierrez, 826 F.2d at 1538-39 (where plaintiff's complaint contained only two conclusory claims of conspiracy, without supporting factual allegations, he failed to adequately plead conspiracy claim).

Foley's complaint suffers no such defects. He alleges that Maisevich, under the direction of Defendants Trinity and Highland Haven, conspired with Defendant Jacobs, forming a plan to deprive Foley of his liberty and his leasehold without due process. (Second Amended Complaint, ¶ 31). Foley's complaint further alleges that in furtherance of this plan, Maisevich, Jacobs and various other Defendant police officers undertook numerous overt acts, including coercing other tenants to provide false statements and affidavits against Foley, giving legal advice and coaching witness testimony, attempting to incriminate Foley for baseless claimed violations of PPOs, and culminating in falsely arresting Foley. (Second Amended Complaint, ¶¶ 32, 33, 34, 38, 40, 42, 48, 49). Reading the factual allegations of the Complaint together with the allegations of Count VII (Conspiracy to Violate Civil Rights), Plaintiff has pled his claim of conspiracy sufficiently to withstand Defendant's motion, particularly where the factual predicates for such claims can only be fully fleshed out through discovery. (See Exhibit 1, F.R.Civ.P. 56(f) Affidavit of Hugh M. Davis). As such, Defendants' motion as to Count VII should be denied.

III. PLAINTIFF HAS PROPERLY PLED HIS § 1983 CLAIMS IN COUNT VII (CONSPIRACY TO VIOLATE CIVIL RIGHTS) AGAINST CORPORATE DEFENDANT TRINITY BECAUSE CORPORATE DEFENDANTS ARE SUBJECT TO LIABILITY UNDER 42 U.S.C. § 1983.

"Persons" exposed to legal liability under section 1983 include municipal corporations and other "bodies politic and corporate." Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988) (citing Monell v. Department of Social Services, 436 U.S. 658, 688, 98 S.Ct. 2018, 2034-35, 56 L.Ed.2d 611 (1978)).

> It is well established that there is no respondeat superior liability under 42 U.S.C. § 1983. Monell v. Dep't of Soc. Servs. of City of New York , 436 U.S. 658, 691–92 (1978); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). A plaintiff must sue the actual individuals acting "under color of [law]" responsible for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. However, a municipality (or in this case, a private corporation acting under color of state law) can be held liable for its unconstitutional policies or customs. Miller v. Sanilac Cnty., 606 F.3d 240, 254–55 (6th Cir. 2010); Little v. Corrections Corp. of Am., 103 F.App'x 898, 900 (6th Cir. 2004) (applying § 1983 to corporate defendant acting under color of state law).

Braswell v. Corrections Corp. of America, No. 09-6100 (6th Cir. April 15, 2011).

Other circuits have recognized the difficulty of establishing a establishing the existence of an unconstitutional policy or custom at the pleading stage, and thus the inappropriateness of dismissing a § 1983 claim against a corporate defendant prior to the close of discovery.

> [A plaintiff] need not, however, specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss. Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003).

> [A] plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right. Moreover, such a holding would disregard the liberality of Fed.R.Civ.P. 8(a) (2) which requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief," and 8(f), which states "pleadings shall be so construed as to do substantial justice."

14

> Accordingly, [a plaintiff]'s complaint is not deficient because he failed to incorporate language specifically alleging the "existence of an unconstitutional policy or custom." Id. Nevertheless, [a plaintiff]'s failure to include any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom" renders the complaint deficient. Id. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." Id.

Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590-91 (8th Cir. 2004)

In the instant case, Foley's complaint alleges that Maisevich had used similar tactics to those used against Foley in order to evict a former tenant, showing a pattern and practice of illegal behavior. (Second Amended Complaint, ¶ 35). Plaintiff again notes that this motion is brought prematurely insofar as discovery is needed in order to determine the extent of any unconstitutional policies or customs practiced by Defendant Trinity. That being said, Plaintiff has expressly alleged a pattern and practice of illegal behavior by Defendant Trinity, as well as numerous facts that would support an inference that such an unconstitutional policy or custom existed at the time of the incidents complained of. As such, Plaintiff's complaint contains sufficient "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom." Because utilizing the discovery process is the only way in which Plaintiff will be able to learn additional facts necessary to establish the Monell claims against the corporate defendants, Defendants' motion as to this count should be denied.

IV. PLAINTIFF'S CLAIMS AGAINST DEFENDANT TRINITY, IN COUNT XI (RETALIATORY EVICTION AND BREACH OF CONTRACT) ARE NOT PRECLUDED BY A CONSENT JUDGMENT ARISING OUT OF A SUMMARY EVICTION PROCEEDING BECAUSE THAT PROCEEDING IS ONLY PRECLUSIVE AS TO THE NARROW ISSUE OF POSSESSION AND PLAINTIFF DOES NOT SEEK POSSESSION.

Defendant Trinity cites to 1300 Lafayette East Cooperative v. Savoy, 773 N.W.2d 57 (Mich Ct. App. 2009) for the proposition that "the state district court judgment [in the summary eviction proceeding against Foley] precludes plaintiff from re-litigating, in the context of these proceedings, the propriety of any 'eviction' by Trinity." (R. 40 at 17). However, Trinity's selective citation to 1300 Lafayette, absent any context, is misleading. The case does not sweep as broadly as Trinity suggests.

The complete passage reads as follows:

> In Sewell v. Clean Cut Management, Inc., 463 Mich. 569, 576-577, 621 N.W.2d 222 (2001), our Supreme Court stated that although a summary eviction judgment does not bar other claims and remedies, it is "conclusive on the narrow issue whether the eviction was proper." In other words, a district court judgment is res judicata on the issue of who has the right to possess the premises, because that question is actually litigated in the district court. Id. at 574-577, 621 N.W.2d 222. Thus, where, as in this case, no claim for damages is asserted in the district court, the district court judgment is conclusive only on the question of who has a right to possess the premises.

1300 Lafayette East Cooperative, supra, 773 N.W.2d at 62.

In the instant case, Foley is not attempting to re-litigate the question of who has the right to possess the premises. Rather, Foley asserts that Defendants violated his rights by initiating summary eviction proceedings in retaliation for his complaints to authorities regarding violations at Highland Haven. This question was never litigated in the district court, nor was it covered by the settlement agreement, thus Foley is not precluded from raising it here.

Any settlement between Foley and Trinity/Highland Haven would cover the question of possession but would not cover the question of the defendant's intent in bringing summary eviction proceedings against Foley. And while Michigan courts generally apply the doctrine of

res judicata broadly, a specific exception to that broad application has been carved out in cases involving summary eviction proceedings.

> [I]t is not true that res judicata precludes the claim of implied contract or of unjust enrichment in this. . . summary proceedings [case], seeking only possession of the property. Regarding such proceedings, MCL 600.5750; MSA 27A.5750 provides:
>
> The remedy provided by summary proceedings [for recovery of possession of premises under MCL 600.5701 et seq.; MSA 27A.5701 et seq.] is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except [with regard to two exceptions not applicable in the present case] . . . . [MCL 600.5750; MSA 27A.5750.]
>
> That provision evidences the Legislature's intent that summary proceedings for possession of property be handled expeditiously. Plainly the Legislature took these cases outside the realm of the normal rules concerning merger and bar in order that attorneys would not be obliged to fasten all other pending claims to the swiftly moving summary proceedings.
>
> &ast; &ast; &ast; &ast;
>
> Read together, these provisions suggest that a "judgment for possession" is a judgment that entitles the plaintiff to possession of the premises and sets the amount due under the contract, which the defendant must pay to preclude issuance of a writ of restitution under MCL 600.5744; MSA 27A.5744. MCL 600.5750; MSA 27A.5750 likewise refers to a "plaintiff obtaining a judgment for possession of any premises . . . ." Nevertheless, in light of the first sentence of MCL 600.5750; MSA 27A.5750 clarifying that the remedy is not exclusive, it is evident that judgment in these summary proceedings, no matter who prevails, does not bar other claims for relief.

Jam Corp v. Aaro Disposal, Inc., 600 N.W.2d 617, 621-22 (Mich. 1999).

The consent judgment entered into by the parties to resolve a summary eviction proceeding is *res judicata* only as to the narrow issue of possession, and in no way bars Foley from bringing claims against Defendants for retaliatory eviction nor for breach of contract. It is irrelevant whether Foley "could" have brought these claims against Trinity/Highland Haven as part of the eviction lawsuit—pursuant to the plain text of the summary eviction statute and the Michigan Supreme Court's interpretation of it, Foley was not required to do so, and his failure to bring such claims during summary proceedings does not preclude him from doing so now.

### V. PLAINTIFF, IN HIS SECOND AMENDED COMPLAINT, HAS PROPERLY PLED STATE LAW CLAIMS AGAINST DEFENDANT MAISEVICH FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, INSOFAR AS HE HAS PLED FACTS SATISFYING THE ELEMENTS OF THAT TORT AS INTERPRETED BY THE MICHIGAN COURT OF APPEAL.

Defendants' motion to dismiss seeks dismissal of all state-law claims against Maisevich. Defendants' motion was made in reference to Plaintiff's First Amended Complaint. Since that time, the parties stipulated to Plaintiff's filing of a Second Amended Complaint (Dkt 46), which Plaintiff filed on January 30, 2012 (Dkt 47). Plaintiff's Second Amended Complaint was filed primarily to clarify Count IX (Pendent State Law Claims), and to that end, Defendant Maisevich was named only in Paragraph F (Intentional Infliction of Emotional Distress) of Count IX.

Michigan Courts of Appeal have long recognized IIED claims and have *de facto* adopted the elements set forth in Restatement Torts, 2d.

> In order to state a claim of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. Doe v. Mills, 212 Mich.App. 73, 91, 536 N.W.2d 824 (1995). Liability for such a claim has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency

and to be regarded as atrocious and utterly intolerable in a civilized community. Id. It has been said that the case is generally one in which the recitation of facts to an average member of the community would arouse resentment against the actor, and lead the average member of the community to exclaim "Outrageous!" Id. In Doe, id. at 92, 536 N.W.2d 824, this Court explained that "it is initially for the court to determine whether the defendant's conduct reasonably may be regarded as so extreme and outrageous as to permit recovery." However, "where reasonable [persons] may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." Id., citing 1 Restatement Torts, 2d, § 46, comment h, p. 77.

Teadt v. Lutheran Church Missouri Synod, 603 N.W.2d 816, 823-24 (Mich. Ct. App. 1999)

Here, Foley has alleged concerted action between Defendant Maisevich and other Defendants to incriminate Foley and evict him from his residence in retaliation for his complaints to H.U.D. Specifically, Foley has alleged that Maisevich, acting in concert with Defendants Jacobs, Catanzaro, Hiller, and Chatterson, obtained false, misleading and disparaging statements against Foley; counseled other residents to obtain baseless PPOs against Foley; gave legal advice and coached the testimony of other residents regarding Foley's alleged violations of such PPOs; and twice conspired to have Foley unlawfully arrested at his own residence for breach of the peace. (Second Amended Complaint, ¶ 127). Foley's complaint further alleges that those concerted acts were done with the intent to cause Foley sever emotional distress, and did in fact do so. (Second Amended Complaint, ¶¶ 128, 129).

The behaviors alleged by Foley went well beyond offensiveness, and resulting in more than mere hurt feelings. Following his complaints to H.U.D. about violations at Highland Haven, Foley experienced continuous harassment from Defendants and endured repeated attempts to evict him without cause, culminating in his being falsely arrested based on a breach of the public peace complaint. It cannot be said as a matter of law that no reasonable jury would consider the

19

behavior alleged above as "go[ing] beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." Because Michigan courts have routinely allowed Plaintiffs to make IIED claims where the claim has been properly pled and where a jury could reasonably find that the facts alleged constitute behavior sufficiently intolerable to make out the claim, Defendant's motion to dismiss Plaintiff's IIED claim should be denied.

## CONCLUSION

For all of the above-stated reasons, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion to Dismiss Under Fed R. Civ. P. 12(b)(6).

Respectfully Submitted,

By:___*/s/ Hugh M. Davis*_____
Hugh M. Davis (P12555)
Constitutional Litigation Associates, P.C.
Attorney for Plaintiff
450 W. Fort Street, Suite 200
Detroit, Michigan 48226
313-961-2255/Fax: 313-961-5999
conlitpc@sbcglobal.net

Dated: March 7, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2012, I electronically filed *Plaintiff's Response to Defendants Trinity Health & Laura Maisevich's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) (Dkt 40)*along with this *Certificate of Service* with the Clerk of the Court for the Eastern District of Michigan using ECF system which will send notification of such filing to the following registered participants of the ECF system as listed on the Court's Notice of Electronic Filing:

- **Mary M. Mara** maram@oakgov.com,lerminiauxk@oakgov.com
- **Margaret Debler** mdebler@jrlaf.com
- **Heide D. Hudson** hhudson@zkact.com
- **Michael M. Wachsberg** wachsberg@pkkwa.com
- **Steven J. Bonasso** Steven.bonasso@csetlaw.com
- **Alicia Chandler** *chandlea@trinity-health.org*

_____*s/Jillian R. Rosati*_____
Jillian R. Rosati
Constitutional Litigation Associates, P.C.
313-961-2255/Fax: 313-961-5999

F:\Cases\Foley, William\Pldgs\Foley Resp Mtn SJ (Trinity)From Mackela(3-1-12).doc

21